[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2010
JOHN LEY
CLERK

No. 09-14087
Non-Argument Calendar

_____

D. C. Docket No. 04-00034-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEVON HILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 30, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Levon Hills, a federal prisoner convicted of a crack cocaine offense, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). While Hills does not dispute that his original sentence was based on the application of a statutory mandatory-minimum term, he argues that his mandatory-minimum sentence is invalid because *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007), rejected any mandatory regime, including mandatory-minimum sentences. After review of the record and the parties' briefs, we affirm the district court's denial of Hills's § 3582(c)(2) motion.

In reviewing the district court's denial of a § 3582(c)(2) motion, we review the district court's legal conclusions *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003). A district court may modify a sentence "in the case of a defendant who has been sentenced . . . *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added). In such a case, the court may reduce the defendant's sentence after considering applicable § 3553(a) factors, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with applicable policy statements

2

and is not authorized if the retroactive amendment does not have the "effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which applies retroactively, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008), *cert. denied, McFadden v. United States*, 129 S. Ct. 965, *and cert. denied*, 129 S. Ct. 1601 (2009). However, a defendant who was originally sentenced based on a statutory minimum is not eligible for relief under Amendment 706. *See United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008) (per curiam). Furthermore, this Court has held that *Booker* and *Kimbrough* are not applicable to § 3582(c)(2) proceedings. *United States v. Melvin*, 556 F.3d 1190, 1192–93 (11th Cir. 2009) (per curiam), *cert. denied*, 129 S. Ct. 2382 (2009).

We have also recognized that proceedings under § 3582(c)(2) do not constitute *de novo* resentencings. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (citation omitted). Therefore, § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). As such, we cannot review Hills's arguments concerning the constitutionality of mandatory-minimum sentencing, or the court's imposition of a ten-year mandatory-minimum sentence

3

rather than a five-year sentence.

Because Hills was originally sentenced based on a statutory mandatory minimum that was not affected by Amendment 706, the district court lacked authority to grant his § 3582(c)(2) motion. Accordingly, we affirm.

**AFFIRMED**.